UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-37C**
**CRIMINAL ACTION NO. 05-129-C**

**DUANE GUTHRIE,**                                                                                              **PLAINTIFF,**

**V.**                               **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA**                                                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion of Duane Guthrie to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (R. 90). The court will deny his motion as premature due to the pendency of his appeal to the Court of Appeals for the Sixth Circuit from an order denying a reduction of his sentence.

On December 13, 2007, Guthrie pleaded guilty to various offenses involving cocaine and a firearm. He was sentenced to a total term of imprisonment of eighty-four (84) months. On March 31, 2008, he moved for retroactive application of sentencing guidelines to the offenses involving crack cocaine. On July 15, 2008, the court denied without prejudice his motion for a sentence reduction in regard to crack cocaine offenses. On January 15, 2009, Guthrie moved to vacate his conviction and sentence under 28 U.S.C. § 2255 on the grounds that 1) he is actually innocent; 2) the court imposed a sentence in violation of the U.S. Constitution; 3) the court lacked jurisdiction to impose the sentence; and 4) the U.S. Supreme Court's decisions in *Watson v. United States*, 552 U.S. 74 (2007)

and *Bailey v. United States*, 516 U.S. 137 (1995) preclude his conviction with respect to the firearm offense. On April 9, 2009, U.S. Magistrate Judge Dave Whalin signed a Report and Recommendation on the motion to vacate. On April 20, 2009, Guthrie objected to the Report and Recommendation. On May 1, 2009, the court entered an order denying sentence reduction pursuant to General Order 2008-01, which standardizes procedures for incarcerated individuals that may be eligible for sentence reduction in accordance with 18 U.S.C. § 3582 (c)(2). On May 18, 2009, Guthrie filed a notice of appeal of the court's order of May 1, 2009, to the U.S. Court of Appeals for the Sixth Circuit.

"[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998).[1] Even though Guthrie moves the court to vacate his sentence on grounds that are not specifically related to the grounds on which he moved for a reduction in his sentence, the sentence is an object of attack in both his motion to vacate and his appeal of the court's order denying a reduction. There are no extraordinary circumstances in this case because there is no need for speedy relief for Guthrie, who has already pleaded guilty, been convicted, and sentenced, that is greater than the need to conserve judicial resources. *See United States v.*

---

[1] For this proposition, the Court of Appeals quotes *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968); and *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965).

*Davis*, 604 F.2d 474, 485 (7th Cir. 1979); *Capaldi*, 135 F.3d at 1124 (quoting *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970)) ("'Except under the most unusual circumstances, no defendant . . . is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously . . . '"). "[D]etermination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Capaldi*, 135 F.3d at 1124 (citing *Davis*, 604 F.2d at 484-85). Accordingly,

　　**IT IS ORDERED** that Guthrie's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (R. 90) is **DENIED** as premature.

　　Signed on  November 9, 2009

　　　　　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　　　**Jennifer B. Coffman, Judge**
　　　　　　　　　　　　　　　　　　　　　　**United States District Court**